UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMI S.,[1]

                              Plaintiff,                Case # 19-CV-1238-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

Plaintiff Jami S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 11. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

In February 2016, Plaintiff applied for DIB and SSI with the Social Security Administration (the "SSA"). Tr.[2] 66. She alleged disability since February 2015. *Id.* On September 10, 2018, Administrative Law Judge Theodore Kim (the "ALJ") issued a decision

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

1

finding that Plaintiff is not disabled. Tr. 21-33. The Appeals Council denied Plaintiff's request for review in July 2019. Tr. 1-3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since the alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff has several severe impairments, including migraines. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 26.

Next, the ALJ determined that Plaintiff retains the RFC to perform light work with additional limitations. Tr. 27. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 31. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 32-33. The ALJ therefore found that Plaintiff is not disabled. Tr. 33.

### II. Analysis

Plaintiff seeks remand on the grounds that the ALJ (1) made the RFC determination based on his own lay opinion; and (2) failed to explain why he rejected a functional restriction limiting Plaintiff to quiet work environments. The Court agrees with Plaintiff's second argument. Because that issue is dispositive, the Court need not address Plaintiff's first argument.

By way of background, Plaintiff alleges that she suffers from, among other things, migraine headaches. The record is mixed on the frequency and severity of Plaintiff's migraines. At an appointment with her neurologist in March 2014, Plaintiff reported that the headaches had been occurring two to three times per month for the last several years. Tr. 674. Plaintiff took no medication for the headaches beyond over-the-counter Excedrin Migraine, which provided a "modest benefit." *Id.* In May 2014, Plaintiff sought treatment at a hospital for a migraine. Tr.

360. She reported that she had been suffering from migraines for the last six months. *Id.* In her initial application for benefits in February 2016, Plaintiff indicated that her migraines occurred every other day. Tr. 66. During an April 2016 appointment at her neurologist's office, Plaintiff complained that her headaches occurred "several times per week." Tr. 872. She described the headaches as "throbbing type pain with associated light sensitivity, sound sensitivity [and] nausea without vomiting." *Id.* Plaintiff stated that Tylenol provided "complete relief," however. *Id.* Later, at a February 2017 appointment, Plaintiff stated that she was suffering from headaches four to five times per week, which were completely alleviated with the use of ibuprofen. Tr. 864. Plaintiff estimated that half of her headaches were "mild" in severity, while half were more severe, leading to a "pounding type pain" with light and sound sensitivity. *Id.* At the May 2018 hearing, Plaintiff reported having migraines every other day. Tr. 56. To treat the headaches, she would "make the room darker" and quieter and take an Excedrin, which took "about 30 to 40 minutes . . . to kick in." *Id.*

On June 2, 2018—less than one month after the hearing but before the ALJ issued his decision—Plaintiff met with consultative examiner Gilbert Jenouri, M.D. Tr. 1064-73. She told Dr. Jenouri that she "has a history of migraine headaches associated with nausea and vomiting, photophobia, and phonophobia, medically managed with little relief." Tr. 1064. Dr. Jenouri opined that Plaintiff could only work in quiet environments, like a library. Tr. 1072. Although Dr. Jenouri did not expressly link Plaintiff's migraines to this restriction, it is a fair inference from his opinion.

In his decision, the ALJ found that Plaintiff's migraine headaches are a severe impairment. Tr. 24. To account for that impairment in the RFC, the ALJ limited Plaintiff to a "moderate noise work environment" and to "occasional exposure to strobe lights, flashing lights or to bright lights."

Tr. 29-30.  The ALJ did not explain how he arrived at the "moderate noise" restriction or why he rejected Dr. Jenouri's limitation to a quiet work environment.  *See* Tr. 29-31.

On appeal, Plaintiff argues that remand is required because the ALJ failed to explain why he rejected Dr. Jenouri's view in favor of a "moderate noise" restriction.  The Court agrees.

An ALJ must "evaluate every medical opinion he receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).  An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions."  *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).  However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297.  Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions.  *Raymer v. Colvin*, No. 14-CV-6009, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015); *see also Portal v. Saul*, No. 17-CV-5503, 2019 WL 4575391, at *4 (E.D.N.Y. Sept. 20, 2019) ("An ALJ is certainly permitted to assign different weights to different portions of a medical opinion, but when the ALJ uses a portion of a given opinion to support a finding, while rejecting another portion of that opinion, the ALJ must have a sound reason for this discrepancy." (internal quotation marks omitted)).

In this case, the ALJ failed to explain why he rejected Dr. Jenouri's limitation to a quiet work environment.  In the decision, the ALJ assigned Dr. Jenouri's opinion "some weight."  Tr. 31.  The ALJ favorably noted that Dr. Jenouri had the opportunity to examine Plaintiff and reached an "opinion [that is] generally consistent with his own examination."  *Id.*  Although the ALJ stated that one aspect of Dr. Jenouri's opinion—concerning standing and balancing—was "internally

6

inconsistent," he did not explain why he found the noise restriction unpersuasive. *See id.* Indeed, in summarizing Dr. Jenouri's opinion, the ALJ did not even identify the noise restriction. *See* Tr. 30-31. The Court is therefore unable to discern the ALJ's rationale for including a moderate noise restriction over a quiet one. *See Kimberly M. v. Comm'r of Soc. Sec.*, No. 19-CV-1546, 2020 WL 6947346, at *2 (W.D.N.Y. Nov. 25, 2020) (stating that an ALJ "must provide an accurate and logical bridge between the evidence and the conclusion" so that the reviewing court can "assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review" (internal quotation marks and brackets omitted)).

Furthermore, Plaintiff has established that the ALJ's error was not harmless. The ALJ found that Plaintiff could perform three jobs in light of the RFC determination: cashier, ticket seller, and office helper. Tr. 32. Plaintiff asserts, and the Commissioner does not dispute, that the Department of Labor classifies those jobs at a noise level above a "quiet" environment like a library. *See* ECF No. 8-1 at 22; ECF No. 11-1 at 20; *see also Daigle v. Saul*, No. 19-CV-724, 2020 WL 5793354, at *8 (D. Conn. Sept. 28, 2020) (summarizing the Department of Labor's scheme for "defin[ing] noise intensity level for each profession"). Consequently, the ALJ's unexplained failure to adopt Dr. Jenouri's noise restriction is not harmless.

In response, the Commissioner marshals a variety of evidence in an attempt to show that Dr. Jenouri's opinion was unsupported and that Plaintiff could tolerate moderate levels of noise. *See* ECF No. 11-1 at 19-20. But because the ALJ did not express the rationale that the Commissioner now proffers, the Court cannot consider it. *See Black v. Berryhill*, No. 17-CV-557, 2018 WL 4501063, at *6 (W.D.N.Y. Sept. 20, 2018) (rejecting the Commissioner's "impermissible *post hoc* rationalizations of the ALJ's decision").

In short, the ALJ erred when he failed to explain why he rejected Dr. Jenouri's opinion on plaintiff's noise restriction, and that error warrants remand for further proceedings.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED.  This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 17, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court